# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JANET KOMACKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:12-CV-495 |
| | ) |
| AMERICAN ERECTORS, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Janet Komacko's Motion to Remand, filed by Plaintiff, Janet Komacko, on December 14, 2012 (DE #4). For the reasons set forth below, the Motion to Remand is **GRANTED** and this case is **REMANDED** back to the Lake Circuit Court in Crown Point, Indiana.

BACKGROUND

This case has an unusual procedural history. Following a jury trial in the Circuit Court of Lake County, Indiana, on June 29, 2012, Janet Komacko obtained a judgment against Defendant American Erectors, Inc., for the wrongful death of her husband, in the amount of $4.93 million. On October 16, 2012, Komacko filed a Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution under Ind. Trial R. 69(E). Komacko served Admiral Insurance Company ("Admiral") and Secura, American Erectors'

putative insurers, as garnishee defendants.

On November 20, 2012, Admiral appeared by counsel in the proceedings supplemental and demanded a jury. That same day, Secura appeared by counsel in those proceedings.

Komacko served interrogatories on Admiral and Secura. Admiral answered Komacko's interrogatories, stating that coverage was excluded under the terms of its policy with America Erectors. Admiral also provided Komacko with a copy of the policy to which it referred in denying coverage. Secura did not answer Komacko's interrogatories as Admiral did. Instead, Secura filed a complaint in this Court and commenced an action for declaratory judgment. (Case no. 2:12-cv-481.)

On November 28, 2012, Secura removed the proceedings supplemental to federal district court based upon diversity jurisdiction, and this proceeding was pending before Judge Theresa L. Springmann. Komacko opposed this, and filed the current Motion to Remand on December 14, 2012 (DE #4). American Erectors filed a notice of joinder in the motion to remand. (DE #16.) In the meantime, Komacko filed a motion to dismiss the petition for declaratory judgment in case number 2:12-cv-481 on November 30, 2012. On June 17, 2013, Judge Springmann transferred case number 2:12-cv-495 to this Court because the two cases were related under N.D. L.R. 43(e). (DE #18.) Thus, pending before this Court now is the fully ripe Motion to Remand.

DISCUSSION

The party seeking the federal forum has the burden of showing that this case was removable. *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 878 (N.D. Ind. 2001); *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991). A remand based upon 28 U.S.C. § 1447(c) may be either for a procedural defect in removal, or for lack of subject-matter jurisdiction. *Powerex Corp. v. Reliant Energy Servs. Inc.*, 551 U.S. 224, 229-30 (2009). Komacko's motion to remand raises both of these alleged defects. However, the procedural defect alone bars removal of this case.

On October 29, 2012, Komacko began proceedings supplemental to execution under Indiana Trial Rule 69(E), against America Erectors and its insurers, Secura and Admiral. According to Secura, "[t]he purpose of the proceedings supplemental is to determine whether Secura and Admiral have assets belonging to, or obligations owing to, American Erectors that might be used to satisfy any part of the judgment returned against American Erectors." (Notice of Removal, pp. 2-3.) Komacko identified Admiral and Secura as garnishee defendants in the underlying proceedings supplemental. Admiral was served with the Motion for Proceedings Supplemental on November 12, 2012, and thus had 30 days after that to file a motion for removal. 28 U.S.C. § 1446(b)(1). Admiral never filed a motion to

3

remove. Secura was served with the Motion for Proceedings Supplemental one day later, on November 13, 2012. Thus, Secura had until December 13, 2012 to file removal documents. Secura did file its notice of removal on November 28, 2012.

However, Admiral never timely filed its consent to the removal. 28 U.S.C. section 2446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Thus, the later-served defendant, Secura, had until December 13, 2012, to properly file all the necessary removal documents. This includes the written consent of all defendants: when a civil action is removed solely under section 1441(a), such as this action, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, Admiral did not consent to or join in the notice of removal within the 30-day time frame.[1]

Secura now attaches an email and a letter between counsel

---

[1] American Erectors never filed any sort of consent to the removal of this matter. Secura argues American Erectors is only a nominal party to the proceedings supplemental, thus it need not join in removal. Regardless of whether American Erectors should have also joined in the removal, Admiral was specifically named a garnishee defendant in the proceedings supplemental, Admiral had already been served at the time the removal petition was filed, and Admiral is an indispensable party which needed to consent to secure a proper removal.

asserting Admiral consented to removal (see email and letter dated November 30, 2012, DE #10, Ex. A, between counsel), and Admiral did file a purported consent to removal with the Court on December 17, 2012 (DE #9), but this was several days past the 30-day window within which the consent was required. The Seventh Circuit applies the requirement of timely written consent strictly. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (overruled on other grounds)(citing *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)); *Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 314 (N.D. Ill. 1993). As the Seventh Circuit has stated, "[a] petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing." *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (abrogated on other grounds). In *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997), the Seventh Circuit applied this requirement to find a removal petition defective because even though the removing defendant "noted that all properly served defendants agreed to the removal, . . . not all of these defendants joined in the petition because not all of them signed it." Here, Admiral's e-mail and letter consenting to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent, and the later filed notice of consent was untimely. Generally, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved

against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000).

Because Defendant Secura failed to meet the consent requirements of 28 U.S.C. § 1446, the Motion to Remand is granted on this basis.

CONCLUSION

For the reasons set forth above, the Motion to Remand (DE #4) is **GRANTED** and this case is **REMANDED** back to the Lake Circuit Court in Crown Point, Indiana.

DATED: June 25, 2013                    /s/ RUDY LOZANO, Judge
                                        **United States District Court**