```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

JANET KOMACKO,                     )
                                   )
Plaintiff,                         )
                                   )
vs.                                )   CAUSE NO. 2:12-CV-495
                                   )
AMERICAN ERECTORS, INC.,           )
et al.,                            )
                                   )
Defendants.                        )
```

## OPINION AND ORDER

This matter is before the Court on Admiral Insurance Company's Motion to Reconsider Court's Order of June 25, 2013, filed by Garnishee-Defendant, Admiral Insurance Company ("Admiral"), on July 2, 2013 (DE #20). For the reasons set forth below, the Motion to Reconsider is **DENIED** for lack of jurisdiction.

BACKGROUND

Following a jury trial in the Circuit Court of Lake County, Indiana, on June 29, 2012, Janet Komacko obtained a judgment against Defendant American Erectors, Inc., for the wrongful death of her husband, in the amount of $4.93 million. On October 16, 2012, Komacko filed a Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution under Ind. Trial R. 69(E). Komacko served Admiral Insurance Company ("Admiral") and Secura,

American Erectors' putative insurers, as garnishee defendants.

On November 28, 2012, Secura removed the proceedings supplemental to federal district court based upon diversity jurisdiction. The notice of removal failed to specify whether all other defendants consented to removal and it was not signed by any other defendant. Komacko opposed the removal, and filed a Motion to Remand on December 14, 2012 (DE #4), arguing removal was procedurally and substantively improper. American Erectors filed a notice of joinder in the motion to remand. (DE #16.) Admiral filed a response to Komacko's motion to remand, simply stating Admiral "joins in the Response of Secura Insurance Company to Komacko's Motion to Remand." (DE #13.) On June 25, 2013, this Court granted the motion to remand and remanded the case back to the Lake Circuit Court in Crown Point, Indiana. (DE #19.) Specifically, the Court found there was a procedural defect in the removal procedure because Admiral never timely filed its consent to the removal. *Id.*

DISCUSSION

This district court lacks jurisdiction to reconsider its earlier order remanding the case back to state Court. The removal statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*" except for certain inapplicable exceptions. 28 U.S.C.

§ 1447(d) (emphasis added). A district court ordinarily may not reconsider an order remanding an action, 28 U.S.C. § 1447(d), and that prohibition "applies only to cases remanded, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction or defects in the removal procedure." *First Union Nat'l Bank of Florida v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997). "This nonreviewability extends to the power of a district court to reconsider its own remand order." *Id.* (quotation omitted).

In this case, the Court clearly remanded the case based upon a defect in the removal procedure. Albeit in a slightly different context, the Seventh Circuit has recognized that cases "hold [] that section 1447(d) strips the district court of jurisdiction to reconsider an order of remand issued by it." *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005).

This Court concurs with the analysis in *Pennier v. Morton Int'l Inc.*, reasoning:

> [A]s 1447(d) expressly states a remand order *is not reviewable on appeal **or otherwise***, this Court believes the same analysis employed by the appellate courts should be employed by the district court when asked to review a remand order. . . this Court believes it does not have jurisdiction to entertain the motion for reconsideration, [and] this Court believes it does not have jurisdiction to consider the merits of the motion for reconsideration.

*Pennier v. Morton Int'l Inc.*, No. 1-1111, 2011 WL 3240476, at *1 (W.D. La. July 28, 2011) (emphasis in original). Similarly, the

3

Court in *Faulk v. Swan* found that it lacked jurisdiction to grant defendants' motion to reconsider a grant of remand  - the language under 28 U.S.C. § 1447(d) stating remand is unreviewable on appeal "or otherwise" precluded further review by a district court following a determination that the case be remanded to state court. *Faulk v. Swan*, No. 4:10-cv 0397, 2010 WL 2609551, at *1 (E.D. Ark. June 28, 2010).  Because this Court lacks jurisdiction, it must deny Admiral's motion for reconsideration.

CONCLUSION

For the reasons set forth above, Admiral Insurance Company's Motion to Reconsider Court's Order of June 25, 2013, filed by Garnishee-Defendant, Admiral Insurance Company ("Admiral"), on July 2, 2013 (DE #20), is **DENIED** for lack of jurisdiction.

**DATED: July 10, 2013**                    /s/ RUDY LOZANO, Judge
                                            **United States District Court**